*Top Notch, et al. v. Bank One*, # 05-72294

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TOP NOTCH PRODUCTIONS INC., *ET AL.*,

        PLAINTIFFS,

                              CIVIL ACTION NO. 05-72294

V.

                              HONORABLE ARTHUR J. TARNOW
BANK ONE CO., *ET AL.*,            UNITED STATES DISTRICT JUDGE

        DEFENDANT.
                                          /

**ORDER DENYING PLAINTIFFS' MOTION**
**FOR SUMMARY JUDGMENT [D/E # 15]**

In 2005, this suit was filed by Plaintiffs against Defendant Bank One. The case involves the release of certain monies held in a bank account. The case was originally assigned to Judge Taylor. After determining that the case involved the similar facts and claims to *Campbell v. Bank One* # 02-73315, the case was reassigned to this courtroom.

During the 1990's, Dwight Campbell and Orlando Bayless started a Michigan Corporation called Top Notch Productions. In March 1996, Bayless and Campbell opened an account for their Corporation. The account required both of their signatures in order to make a withdrawal. Not long after, Mr. Campbell was arrested for distribution of cocaine charges and later sentenced to prison.

The only named Plaintiff in the 2002 suit was Mr. Dwight Campbell. Mr. Campbell complained that Bank One had improperly denied a withdrawal request that he submitted to the bank. As proof, he offered a bank statement that showed $21,985.60 in the account on June 28, 1996. In July, Mr. Campbell sent an improper withdrawal request to release the funds. The withdrawal request was denied by Bank One because the withdrawal slip only contained one of the two required signatures.

*Top Notch, et al. v. Bank One*, # 05-72294

Bank One agreed that there was an active account, however, the Bank disputed the amount that was still in the account. Bank One argued that there was only $5,704.10 in the account not $21,985.60. According to Bank One by the date of the request, the account contained little over $18,000 after subtracting withdrawals. Secondly, Bank One determined that many of the money orders that Plaintiffs deposited into the account had been fraudulently altered. Bank One debited the account those amount and refunded them to the injured parties.

In 2002, Plaintiff filed suit in US District Court to release the account funds, rather than locating Bayless to sign a withdrawal slip. In January of 2003, this Court granted summary judgment in favor of Bank One. In its Order, the Court stated, "Plaintiff is not personally entitled to the funds in this account and Defendant has properly declined to release the funds to Plaintiff as per MCLA 440.3403(2)." The Court also attached the public address of Mr. Bayless to the Order dismissing the case without prejudice and discussed Campbell's reasons for not having the other signature, "Plaintiff contends that he is unable to access the funds in this corporate account because he does not know the whereabouts of the other corporate signatory on the account, Mr. Orlando Bayless."

The case was appealed and affirmed by the Sixth Circuit. Plaintiff then filed a motion for order regarding funds, which this Court referred to Magistrate Pepe. Magistrate Pepe denied the motion stating in a footnote:

> Plaintiff should contact Bank One and ask what procedures are necessary to release the money from the account. Apparently they require withdrawal slips to be signed by both Dwight Campbell and Orlando Bayless. They also may have Power of Attorney forms that they would honor. Any dispute as to the amount of funds in the account and any bank debits for allegedly fraudulent deposits will have to be resolved by a bank of competent jurisdiction. Plaintiff will need to plead facts establishing federal jurisdiction to file a new suit in this Court. This claim appears to be a diversity of citizenship claim over $21,985.60 which falls short of the $75,000 jurisdictional prerequisite of 28 U.S.C. § 1332(a).


*Top Notch, et al. v. Bank One*, # 05-72294

Bank One agreed that there was an active account, however, the Bank disputed the amount that was still in the account. Bank One argued that there was only $5,704.10 in the account not $21,985.60. According to Bank One by the date of the request, the account contained little over $18,000 after subtracting withdrawals. Secondly, Bank One determined that many of the money orders that Plaintiffs deposited into the account had been fraudulently altered. Bank One debited the account those amount and refunded them to the injured parties.

In 2002, Plaintiff filed suit in US District Court to release the account funds, rather than locating Bayless to sign a withdrawal slip. In January of 2003, this Court granted summary judgment in favor of Bank One. In its Order, the Court stated, "Plaintiff is not personally entitled to the funds in this account and Defendant has properly declined to release the funds to Plaintiff as per MCLA 440.3403(2)." The Court also attached the public address of Mr. Bayless to the Order dismissing the case without prejudice and discussed Campbell's reasons for not having the other signature, "Plaintiff contends that he is unable to access the funds in this corporate account because he does not know the whereabouts of the other corporate signatory on the account, Mr. Orlando Bayless."

The case was appealed and affirmed by the Sixth Circuit. Plaintiff then filed a motion for order regarding funds, which this Court referred to Magistrate Pepe. Magistrate Pepe denied the motion stating in a footnote:

> Plaintiff should contact Bank One and ask what procedures are necessary to release the money from the account. Apparently they require withdrawal slips to be signed by both Dwight Campbell and Orlando Bayless. They also may have Power of Attorney forms that they would honor. Any dispute as to the amount of funds in the account and any bank debits for allegedly fraudulent deposits will have to be resolved by a bank of competent jurisdiction. Plaintiff will need to plead facts establishing federal jurisdiction to file a new suit in this Court. This claim appears to be a diversity of citizenship claim over $21,985.60 which falls short of the $75,000 jurisdictional prerequisite of 28 U.S.C. § 1332(a).

*Top Notch, et al. v. Bank One*, # 05-72294

Since the Magistrate's ruling, it appears that the funds have escheated to the state as abandoned funds. Defendant argues that it was Mr. Campbell's delay that caused the funds to escheat.

Unlike the 2002 case, this case purportedly involves three Plaintiffs, Mr. Campbell, Mr. Bayless, and Top Notch Production as opposed to Mr. Campbell alone. For the most part, the facts and claims alleged are the same. Plaintiffs argue that Bank One should have released the account funds to Campbell in 1996, that Bank One is responsible for damages from delayed release of the account funds, and that Bank One improperly debited the account.

More than just the two additional Plaintiffs, this case is different from the 1992 case because the Plaintiffs argue that they did have a proper withdrawal request in 1996 that contained both Mr. Campbell's and Mr. Bayless' signatures. Plaintiffs seek damages in the amount of $3 million claiming that that the failure to close the account resulted in a $10,000 a month loss to them.

Plaintiffs have filed a Motion for Summary Judgment claiming that there are no genuine issues of material fact. As proof, Plaintiffs have attached evidence that was not strangely not present in the 2002 case. First, Plaintiffs attach a 1996 letter that includes the signature of both Campbell and Bayless requesting that the account be closed. Plaintiffs have also attached a document dated 11/10/03 purportedly from Orlando Bayless to Bank One, stating that he had previously requested the money in 1996, and 1997-2001, that he knew of the 2002 lawsuit, and that all of the money should be sent to Dwight Campbell.

Defendant has responded to the motion averring numerous affirmative defenses including *res judicata*, collateral estoppel, and lack of subject matter jurisdiction. Defendant also argues that there are at least genuine issues of material facts involved: Defendant has cast considerable doubt on the authenticity of the newly discovered letters, argues that the Bank was justified under MCL § 440.3403 to debit the account, and also argues that it was justified to release the

*Top Notch, et al. v. Bank One*, # 05-72294

funds.

Defendant has presented enough to survive Plaintiffs' Summary Judgment Motion since genuine issues of material fact exist. Without fuller briefing on Defendant's affirmative defenses, this Court declines ruling on them at this time.

IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 13, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 13, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager