*Top Notch, et al. v. Bank One*, # 05-72294

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TOP NOTCH PRODUCTIONS INC., *ET AL.*,

        PLAINTIFFS,

                                   CIVIL ACTION No. 05-72294

V.

                                   HONORABLE ARTHUR J. TARNOW

BANK ONE CO., *ET AL.*,                   UNITED STATES DISTRICT JUDGE

        DEFENDANTS.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR
### SUMMARY JUDGMENT [D/E # 26]

      In 2005, Plaintiffs filed suit against Defendant Bank One requesting the release of funds from a corporate account. Although originally assigned to Judge Taylor, this case was reassigned to this Court after it was determined that the case involved similar facts, claims and most of the same parties from a 2002 case before this Court.

      During the 1990's, Dwight Campbell and Orlando Bayless started a Michigan Corporation named Top Notch Productions. In March 1996, Bayless and Campbell opened a bank account on behalf of their Corporation. Campbell and Bayless decided that in order to make withdrawals from the account both of their signatures would be required. Soon after forming the corporation, Campbell was arrested on distribution of cocaine charges and later sentenced to prison.

      Dwight Campbell was the only named Plaintiff in the 2002 suit. Campbell complained that Bank One had improperly denied a withdrawal request that he submitted to the bank. As proof, he offered a bank statement that showed $21,985.60 in the account on June 28, 1996 and a 1996 withdrawal request that included only his signature. Bank One denied the withdrawal request because it contained only one of the two required signatures.

*Top Notch, et al. v. Bank One*, # 05-72294

At the time of Chambers' withdrawal request, Bank One also disputed the amount that was left in the account.  Campbell claimed that the account contained $21,985.60, while Bank One argued it contained only $5,704.10.  Bank One reached this significantly lower number after subtracting around $4,000 in withdrawals that had occurred since the bank statement, which Chambers relied upon, had issued.  Additionally, Bank One later determined that many of the money orders that had been deposited into the account had been fraudulently altered.  As a result, Bank One debited the account those amounts and refunded them to the injured parties.

Rather than locate Bayless for him to co-sign a withdrawal slip, Plaintiff filed suit in this Court to release the account funds.  In January of 2003, this Court granted summary judgment in favor of Bank One.  "Plaintiff is not personally entitled to the funds in this account and Defendant has properly declined to release the funds to Plaintiff as per MCLA 440.3403(2)."  In dismissing the case, this Court noted, "Plaintiff contends that he is unable to access the funds in this corporate account because he does not know the whereabouts of the other corporate signatory on the account, Mr. Orlando Bayless."  Bayless' public address was attached to the Order.

The Sixth Circuit affirmed the disposition of the case.  Plaintiff then filed a  motion for order regarding the funds, which was referred to Magistrate Pepe.  In an order denying the motion, Magistrate Pepe stated in a footnote:

> Plaintiff should contact Bank One and ask what procedures are necessary to release the money from the account.  Apparently they require withdrawal slips to be signed by both Dwight Campbell and Orlando Bayless.  They also may have Power of Attorney forms that they would honor.  Any dispute as to the amount of funds in the account and any bank debits for allegedly fraudulent deposits will have to be resolved by a bank of competent jurisdiction.  Plaintiff will need to plead facts establishing federal jurisdiction to file a new suit in this Court.  This claim appears to be a diversity of citizenship claim over $21,985.60 which falls short of the $75,000 jurisdictional prerequisite of 28 U.S.C. § 1332(a).

Since the 2002 case, the account's funds have now escheated to the state as abandoned

*Top Notch, et al. v. Bank One*, # 05-72294

because there has been no activity in the account for five continuous years.

The allegations in this case are essentially the same. Plaintiffs argue that Bank One should have released the account funds to Campbell in 1996, that Bank One is responsible for damages from delayed release of the account funds, and that Bank One improperly debited the account.

Unlike the 2002 case, this case purportedly involves three Plaintiffs, Campbell, Bayless, and Top Notch Production, as opposed to 2002 suit that did not include Bayless. Additionally, Plaintiffs argue that in 1996 they presented Defendant with a proper withdrawal request that included both Campbell's and Bayless' signatures. Plaintiffs seek damages in the amount of $3 million claiming that the failure to close the account resulted in a $10,000 a month loss to them.

Plaintiffs filed a Motion for Summary Judgment attaching evidence that either surfaced late in the 2002 case or was strangely not present at all. Plaintiffs attached a 1996 letter to Defendant requesting that the account be closed, which includes the signatures of both Campbell and Bayless. Plaintiffs also attached a document dated 11/10/03 purportedly from Orlando Bayless to Bank One, stating that he had previously requested the money in 1996, and from 1997-2001, that he was aware of the 2002 lawsuit, and that all of the money should be sent to Dwight Campbell. This Court denied Plaintiffs' motion.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P 56(c). The moving party bears the initial responsibility of demonstrating that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Material facts are determined by the substantive law in the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All inferences must be made in a light most

*Top Notch, et al. v. Bank One*, # 05-72294

favorable to the non-moving party, in this case, Plaintiffs. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The Defendant has cast considerable doubt on the authenticity of Plaintiffs' two newly surfaced letters based on Campbell's admission in his 2002 complaint. That complaint stated that he never presented Bank One with both signatures because he was unable to locate Bayless. Campbell entirely disregards this previously statement and presents a letter dated 1996 purporting to show Bayless' signature, as well as his. *Plaintiff's Response*, Ex. 1. The letter, dated July 21, 1996, requests all the funds from the account to be sent to Top Notch Productions and that all the check receipts for the month of June be sent to Campbell. The purported 2003 letter's contends that Campbell and Bayless attempted to close the account "in 1997, 1998 through 2001" and that Bayless was informed by Campbell that he filed the 2002 complaint.

In terms of motions for summary judgment, "[e]vidence that is too incredible to be accepted by reasonable minds does not raise an issue of credibility to defeat a motion for summary judgment." *Allstate Ins. Co. v. Cannon*, 644 F.Supp. 31, 32 (E.D. Mich. 1986) (citations omitted); see also, J. Stempel*, 11-56 Moore's Fed. Prac. -Civ.* § 56.30 at 3(c)*; Gross v. Bank of Cleveland*, 29 F.Supp. 1005 (S.D. Ohio 1939); *Simms v. Reiner*, 419 F.Supp. 468 (N.D. Ill. 1976); *Hales v. First Appalachian Corp.*, 494 F.Supp. 330 (N.D. Ala. 1980);.

Plaintiffs' letters are too incredible to be accepted in light of his previous admission in the 2002 case that he was not able to locate Bayless to sign the releases. The newly submitted letter and the signatures upon it are simply incredible and a reasonable jury could not find the letter to be genuine. Both letters' contents are belied by Campbell's earlier admission that he was unable to locate Bayless. Additionally, although not addressed by Defendant, Plaintiff may be estopped from raising this issue since he did not present these letters in the first instance.

Plaintiffs attempt to infuse the letter with credibility by pointing out that the 1996 letter was a part of the 2002 action. However, the letter surfaced only after the 2002 case was

*Top Notch, et al. v. Bank One*, # 05-72294

dismissed and this Court suggested that Plaintiff Campbell find Bayless.  After this suggestion,

Campbell attached this purported joint letter in a Motion for Reconsideration.  This Court's

January 29, 2003 Order acknowledged that the letter had appeared but declined to further

comment.

> The Court notes that the record contains a letter requesting money from the
> Defendant Bank with the ostensible signatures of Orlando Bayless and Dwight
> Campbell.  However, the Court also notes that the Plaintiff has provided no
> evidence that such a letter complies with the Defendant Bank's policies and
> procedures for verifying the signatures on a request for a remote withdrawal or
> corporate account closing.

The fact that the letter appeared after the original case had been dismissed does not lend

credibility to the authenticity of the letter.

For withdrawals, the terms of the bank account required the signatures of both Campbell

and Bayless.  Plaintiffs have not presented evidence that a reasonable mind could find to be

credible.  Because Plaintiffs have not presented any credible evidence that the Defendant was

presented with a proper withdrawal form that included both Campbell and Bayless signatures

that also complied with the Bank's policies and procedures, there are no genuine issues of

material fact.

## CORPORATION APPEARING THROUGH ITS OFFICERS

Although not raised by the parties, it should also be noted that Plaintiffs Bayless and

Campbell are barred from appearing on behalf of their corporation in proceedings before this

Court.  A corporation may appear in this Court only by counsel, and cannot appear through an

unlicensed officer.  See *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).  "An officer of a

corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court

on behalf of the corporation."  *Id.*  As the Supreme Court said in *Rowland v. California Men's

Colony*, "[i]t has been the law for the better part of two centuries... that a corporation may appear

in the federal courts only through licensed counsel. 506 U.S. 194, 201-202 (U.S. 1993)

*Top Notch, et al. v. Bank One*, # 05-72294

Bayless and Chambers run afoul of this rule of law because Top Notch Productions, Inc.

is a corporation and non-attorney officers are attempting to appear on its behalf in this Court.

**CONCLUSION**

For these reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is

**GRANTED**.  As a result, the case is **DISMISSED WITH PREJUDICE**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: March 27, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on
March 27, 2007, by electronic and/or ordinary mail.

S/Theresa E. Taylor
Case Manager